UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH BOSHELL | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| NCO FINANCIAL SYSTEMS, INC. | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Keith Boshell, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

## I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Keith Boshell (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.   Venue in this District is proper in that the Defendant has an principal place of business located in this District.

### III.    PARTIES

4.     Plaintiff, Keith Boshell, is an adult natural person residing at 464 Willow Springs, New Milford, CT 06776.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, NCO Financial Systems, Inc. at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Connecticut and the Commonwealth of Pennsylvania and has a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.    FACTUAL ALLEGATIONS

7.     In or around September 2009, the Plaintiff began receiving phone calls from the Defendant regarding an alleged debt due to Capital One owed by an unknown person named "Sandra."

8.     The Plaintiff has had the same phone number for the past eight years but has just begun to receive phone calls from the Defendant within the last year.

9.     The Plaintiff has explained to the Defendant on numerous occasions that the Defendant is calling the wrong number and that "Sandra" does not live there nor does the Plaintiff know who she is.

10. The Plaintiff has relentlessly requested that the Defendant remove his phone number from the system and to cease further contact. The Defendant's agents have repeatedly accepted the Plaintiff's request but have failed to follow through each time.

11. The Defendant's agents have acknowledged the fact that the Plaintiff's name and "Sandra's" information do not match but the abundance of calls continue.

12. The Defendant uses an autodialer to make phone calls to the Plaintiff that when the Plaintiff answers the phone, there is a delay until the agent begins to speak.

13. The voicemails left on the Plaintiff's cell phone are automated messages stating, "This is an important message from NCO Financial Systems, Please contact "Jason Hunter" at 888-579-0626." Although the same message is left each time, the names and numbers vary.

14. The Plaintiff has repeatedly returned the Defendants call only to explain the situation once again. However, when the Plaintiff asks for the Defendant's agent who left the message, that specific agent is never available.

15. The Plaintiff has received at least 50 phone calls within the past ten months from the Defendant and continues to receive phone calls up until the present.

16. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## **COUNT I – FDCPA**

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692b(1):   Contact of Third Party:  Failed to identify themselves, or failed to state that collector in confirming or correcting location information
>
> § 1692b(3):   Contact of Third Party:  Contacted a person more than once, unless requested to do so
>
> § 1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer
>
> § 1692c(b):   With anyone except the consumer, consumer's attorney, or credit bureau concerning the debt

> § 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692d(5): Caused the phone to ring or engaged any person in telephone conversations repeatedly
>
> § 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against NCO Financial Systems, Inc. for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## **COUNT II – TCPA**

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

24. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

  a. The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

  b. The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

  c. The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

  **WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, NCO Financial Systems, Inc. and Order the following relief:

  a. Actual damages;

  b. Statutory damages;

  c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d. Treble damages.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  August 24, 2010      **BY:** */s/Bruce K. Warren BKW4066*
Bruce K. Warren, Esquire

**BY:** */s/Brent F. Vullings BFV8435*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorney for Plaintiff